**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

JOHN BAL,                                                :
                                                         :
                              Plaintiff,                 :
                                                         :                    21-CV-4702 (OTW)
                 -against-                               :
                                                         :                    **OPINION & ORDER**
U.S. DEPARTMENT OF THE TREASURY, et al.,                 :
                                                         :
                              Defendants.                :
                                                         :
                                                         :
-----------------------------------------------------------x

        **ONA T. WANG, United States Magistrate Judge:**

        **I.      INTRODUCTION**

        Plaintiff John Bal ("Plaintiff") brings this action *pro se* against the U.S. Department of the

Treasury ("USDOT"), the Office of Foreign Assets Control ("OFAC"), Jason E. Prince[1], Marshall

Fields[2], and Charles Bishop[3], (collectively "Defendants"), alleging that OFAC blocked his

payment for the rental of an apartment in Cuba and unreasonably delayed in responding to his

Freedom of Information Act ("FOIA") request for documents and information regarding this

blocked payment. (ECF 21). Plaintiff brings claims for violation of his Fifth Amendment rights

under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971);

and claims for violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552a.[4]

Defendants moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF Nos.

---

[1] Jason E. Prince ("Prince") is OFAC's Chief Counsel. (ECF 55 at 2).

[2] Marshall Fields ("Fields") is OFAC's Assistant Director. (ECF 55 at 2).

[3] Charles Bishop ("Bishop") is OFAC's Sanctions Officer. (ECF 55 at 2).

[4] Plaintiff voluntarily withdrew his claims alleging that Defendants interfered with his contract under the Federal Tort Claims Act, 28 U.S.C. § 2680(h). (ECF 61 at 2).

1

54 and 55). For the following reasons, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

###    II.    BACKGROUND

In August 2018, Plaintiff planned to travel from the United States to Cuba and contracted with non-party Danays Drake ("Drake") to rent an apartment in Cuba from November 3 to December 3, 2018, for four hundred dollars ($400). (First Amended Complaint, ECF 12 ¶¶ 1, 3) ("First Am. Compl."). On August 13, 2018, Plaintiff tried to pay Drake through PayPal but PayPal placed a hold on his payment for over two years until October 26, 2020. (First Am. Compl. ¶¶ 7–8). The payment was blocked by OFAC. (First Am. Compl. ¶¶ 11–12).

On December 10, 2018, Plaintiff requested that OFAC unblock his payment, and on April 15, 2019, Defendants denied his request because the payment involved the interest of a "sanctions target." (First Am. Compl. ¶¶ 13–14). On May 26, 2019, Plaintiff requested that OFAC reconsider the denial, and on April 24, 2020, Defendant Bishop reversed the denial of Plaintiff's request and authorized PayPal to release Plaintiff's payment. (First Am. Compl. ¶¶ 21–22). On October 26, 2020, PayPal returned $393.07 to Plaintiff. (First Am. Compl. ¶ 23).[5]

On May 15, 2020, Plaintiff submitted a FOIA request to OFAC, to which OFAC had not responded by the time Plaintiff filed his First Amended Complaint on September 30, 2021. (First Am. Compl. ¶¶ 25–27, 51). On November 5, 2020, Plaintiff filed an administrative appeal based on OFAC's failure to respond to his FOIA request, which was denied by Defendant Prince as premature on December 4, 2020. (First Am. Compl. ¶¶ 66–69).

---

[5] As of the filing of Plaintiff's First Amended Complaint, $6.93 remained unpaid. (First Am. Compl. ¶ 23).

Plaintiff filed this action on May 25, 2021. (Complaint, ECF 2). On September 30, 2021, Plaintiff filed his First Amended Complaint. (ECF 12). Defendants filed their motion to dismiss on December 28, 2022. (ECF 54). On February 15, 2023, the parties consented to jurisdiction by a U.S. Magistrate Judge. (ECF 59).

### III.    ANALYSIS

### A.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), dismissal must be granted where the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court is limited to the complaint's factual allegations, documents attached to the complaint, matters of judicial notice, and documents which the plaintiff relied on in filing the complaint. *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). If the parties present extrinsic evidence, the Court shall either exclude consideration of those documents or convert the motion to a motion for summary judgment. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). If the latter, the parties should be permitted the opportunity to conduct discovery and supplement the evidentiary record as contemplated by Fed. R. Civ. P. 56. *Id.*

Where, as here, the plaintiff is proceeding *pro se*, the complaint is to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This includes drawing all reasonable inferences in the plaintiff's favor and reading the allegations to "raise the strongest claims that the allegations suggest." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 282 (S.D.N.Y. 2011). Although the Court accepts the plaintiff's factual allegations as true when deciding a

3

motion to dismiss, the Court does not need to accept "labels and conclusions" or "assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    **B.** ***Bivens* Claim**

    In *Bivens*, the Supreme Court held that a federal official may be held personally liable for damages if the official personally violated a plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-397 (1971). "The elements of a Bivens claim are: (1) that a defendant acted 'under color of federal law' (2) 'to deprive plaintiff of a constitutional right.' " *Barbaro v. U.S. ex rel. Fed. Bureau of Prisons FCI Otisville*, 521 F. Supp. 2d 276, 281 (S.D.N.Y. 2007) (quoting *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)). Because a *Bivens* action is a judicially created remedy, courts proceed cautiously in extending such implied relief. *Bivens,* 403 U.S. at 396–97.

    Under *Bivens*, the Court conducts a two-part inquiry to determine whether the remedy is available. *McGowan v. United States*, 825 F.3d 118, 123 (2d Cir. 2016). First, the Court "determine[s] whether the underlying claims extend *Bivens* into a new context." *Id.* "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court], then the context is new." *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017). Meaningful differences may include: "the rank of the officers involved; the constitutional right at issue; the extent of judicial guidance for the official conduct; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors not considered in previous *Bivens* cases." *Abbasi*, 582 U.S. at 140.

    When a claim extends *Bivens* into a new context, the Court next determines "(a) whether there is an alternative remedial scheme available to the plaintiff, and, even if there is

not, (b) whether special factors counsel hesitation in creating a *Bivens* remedy." *McGowan*, 825 F.3d at 123.  *A Bivens* remedy is not available when adequate remedial mechanisms exist for the alleged constitutional violations. *Celauro v. U.S. I.R.S.*, 411 F. Supp. 2d 257, 266 (E.D.N.Y. 2006), *aff'd sub nom. Celauro v. United States*, 214 F. App'x 95 (2d Cir. 2007) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)).

Courts must be attentive to any special factors counseling hesitation before authorizing a new kind of federal litigation. *Arar v. Ashcroft*, 585 F.3d 559 (2d Cir. 2009); *Chappell v. Wallace*, 462 U.S. 296, 298 (1983). If special factors counsel hesitation, the Court may not extend Bivens into a new context. *Arar*, 585 F.3d at 576-78. The existence of a remedial scheme may be considered a special factor counseling hesitation. *Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022); *Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398, 404 (2d Cir. 2015).

The essential inquiry in this case is whether Plaintiff can bring a *Bivens* claim on the grounds that OFAC deprived him of a constitutional right by placing a hold on his payment for an apartment rental in Cuba. The Court reads *pro se* Plaintiff's claim as alleging a procedural due process violation under the Fifth Amendment. Under the Fifth Amendment, "no person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V.

The factors enumerated in *Abbasi* counsel in favor of dismissal of Plaintiff's claims. In particular, because of the constitutional right at issue and the risk of disruptive intrusion by the Judiciary into the functioning of other branches, Plaintiff's claims extend *Bivens* into a new context. Plaintiff alleges that Defendant Bishop "blocked his contract and withheld his funds without fair notice of OFAC regulations" and "purportedly violated [] an opportunity [for him to] defend himself." (First Am. Compl. ¶¶ 43-44). This Fifth Amendment due process claim

bears little resemblance to the *Bivens* claims the Supreme Court has recognized in previous cases. With respect to the alleged constitutional right at issue, this case does not fall under the Fourth Amendment like *Bivens*, or under the Eighth Amendment like *Carlson v. Green*, 446 U.S. 14, 15 (1980). Although *Davis* involved a due process claim under the Fifth Amendment, the claim was for equal protection, not implied procedural due process. *Davis v. Passman*, 442 U.S. 228, 228 (1979). Furthermore, Defendant Bishop is an unelected civil servant while the officer in *Davis* was a member of Congress. In addition, the risk of disruptive intrusion by the Judiciary into the functioning of other branches is high, since the claims Plaintiff asserts are against the USDOT, OFAC, and OFAC officers. Defendant Bishop acted pursuant to OFAC regulations, while the officer in *Davis* did not act pursuant to any statutory or regulatory authority.

Since Plaintiff's claim extends *Bivens* into a new context, the Court must next determine whether an alternative remedial scheme is available to Plaintiff. In this instance, there exists an alternative remedial scheme available to Plaintiff through OFAC. A person whose funds have been blocked can apply for the unblocking and release of the funds through OFAC.[4] Indeed, this is exactly what Plaintiff did. (First Am. Compl. ¶¶ 13, 22-23). This constitutes a special factor counseling hesitation. *Arar*, 585 F.3d at 576-78. Accordingly, the Court may not extend *Bivens* into this new context, and Count III is **DISMISSED**.[6]

---

[4] *See* U.S. Department of the Treasury, Office of Foreign Assets Control – Sanctions Programs and Information, Frequently Asked Questions, https://ofac.treasury.gov/faqs/51.

[6] An additional reason for caution in extending *Bivens* into this new context is that Plaintiff's payment was blocked because the payment involved the interest of a "sanctions target." (First Am. Compl. ¶¶ 13–14). As the Supreme Court recently held in *Egbert v. Boule*, --- U.S. ---, 142 S.Ct. 1793 (2022), "a *Bivens* cause of action may not lie where, as here, national security is at issue[.]"

### C.  FOIA Claims

Under FOIA, Plaintiff seeks: (1) an order enjoining OFAC from withholding records and ordering production of those records; (2) an order enjoining OFAC from violating FOIA; (3) an order reversing Defendant Prince's denial of Plaintiff's administrative appeal; (4) an order finding that Defendant Fields constructively denied Plaintiff's FOIA request and violated FOIA; and, (5) damages for various FOIA violations. (First Am. Compl.).

Plaintiff's FOIA claims against Defendant Fields and Defendant Prince are **DISMISSED** because the only proper defendant in a FOIA case is a federal agency. 5 U.S.C.A. § 552; *see, e.g.*, *Isasi v. Office of the Att'y Gen.*, 594 F. Supp. 2d 12, 14 (D.D.C. 2009) (dismissing claim against individual defendant because FOIA does not permit claims against individual federal officers). Plaintiff's claim seeking damages for alleged FOIA violations is **DISMISSED** since FOIA does not provide for damages for a Defendant's failure to produce documents. *Diamond v. FBI*, 532 F. Supp. 216, 233 (S.D.N.Y. 1981), *aff'd sub nom.* 707 F.2d 75 (2d Cir. 1983)).

Furthermore, Plaintiff's FOIA claims against the Government arising out of its failure to produce documents are moot. The jurisdiction of a federal court is limited to "the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," and the court can no longer provide any relief that could effectively redress the claimed injuries. *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001); *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999). A FOIA action becomes moot if the agency responds, even belatedly, to a request. *Dimodica v. DOJ*, 05-CV-2165 (GEL), 2006 WL 89947, at *4 (S.D.N.Y. Jan. 11, 2006).

Here, on November 5, 2021, OFAC responded to Plaintiff's FOIA request by providing his records. Accordingly, Count V is **DISMISSED AS MOOT**. Count IV remains open <u>only to the extent</u> that Plaintiff seeks to challenge OFAC's redactions of the records produced.[7] Count IV is moot in all other respects.[8]

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim is **DENIED** as to Claim IV and **only** to resolve Plaintiff's challenges to the redactions in documents already produced. Defendants' motion to dismiss is **GRANTED** in all other respects.

The parties are directed to meet and confer about Plaintiff's challenges to the withholdings made by OFAC pursuant to FOIA and submit a joint status letter to the Court **on or before November 1, 2023.**

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se*

---

[7] The records OFAC produced contained redactions made pursuant to FOIA exemptions (b)(4) and (b)(6), which Plaintiff did not challenge as inadequate in his First Amended Complaint. (ECF 12). In his response to Defendants' motion to dismiss, Plaintiff argues that OFAC improperly withheld the requested records. (ECF 61 at 7). The Government concedes that, to the extent Plaintiff now seeks to challenge OFAC's withholdings, Plaintiff's claims are not moot. (ECF 64 at 4).

[8] Plaintiff also requests that the Court enter a declaratory judgment that OFAC's failure to respond to his request violated FOIA. Courts have the discretion to decide whether to award declaratory relief. 28 U.S.C. § 2201(a); *Doyle v. U.S. Dep't of Homeland Sec.*, 331 F. Supp.3d 27, 66 (S.D.N.Y. 2018), *aff'd*, 959 F.3d 72 (2d Cir. 2020). For claims for declaratory relief under FOIA, a plaintiff's claim may not be moot where the agencies follow an "impermissible practice" in their evaluation of requests and where Plaintiff will suffer "continuing injury due to this practice." *Payne Enterprises, Inc. v. U.S.*, 837 F.2d 486, 491 (D.D.C. 1988). However, when an agency initially refuses to disclose requested information in response to a FOIA request, but later makes that information available, courts may not render a declaratory judgment because such a judgment " 'would constitute an advisory opinion in contravention of Article III of the Constitution.' " *Am. Soc'y for the Prevention of Cruelty to Animals v. Animal & Plant Health Inspection Serv.*, 60 F.4th 16, 22–23 (2d Cir. 2023) (per curiam) (alteration omitted) (quoting *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988)). As discussed above, OFAC responded to Plaintiff's FOIA request on November 5, 2021. Accordingly, this Court is precluded from entering a declaratory judgment.

Plaintiff at the address listed on the docket.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated:  October 5, 2023                                         **Ona T. Wang**
        New York, New York                        United States Magistrate Judge