UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JOHN BAL,

                        Plaintiff,

        -against-

U.S. DEPARTMENT OF THE TREASURY, et al.,

                      Defendants.

------------------------------------------------------------x

21-CV-4702 (OTW)

**OPINION AND ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

On May 13, 2024, *pro se* Plaintiff filed a letter seeking my recusal from the case. (ECF 102). For the reasons set forth below, Plaintiff's motion for recusal is **DENIED**.

I. **BACKGROUND**[1]

Plaintiff originally filed his complaint, *pro se*, on May 25, 2021. (ECF 1). On September 30, 2021, Plaintiff filed an Amended Complaint. (ECF 12). On December 28, 2022, Defendants U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC"), Jason E. Prince, Marshall Fields, and Charles Bishop (collectively, the "Federal Defendants") moved to dismiss the Amended Complaint. (ECF Nos. 54 and 55).[2] The parties consented to my jurisdiction on February 15, 2023. (ECF 60).

On October 5, 2023, the Court issued an Opinion & Order dismissing Plaintiff's Fifth Amendment claim against Defendant Bishop, and dismissing Plaintiff's Freedom of Information

---

[1] The relevant factual background is set forth at *Bal*, 2023 WL 6517738 at *1 (ECF 67 at 1-2).
[2] Defendants PayPal, Inc., Robert "Bob" Hurst, and "John Doe" were voluntarily dismissed from the action on December 14, 2022. (ECF 53).

Act ("FOIA") claims except to the extent that Plaintiff sought to challenge OFAC's redactions of the records produced in response to Plaintiff's FOIA request. *Bal v. U.S. Dep't of the Treasury*, No. 21-CV-4702 (OTW), 2023 WL 6517738 (S.D.N.Y. Oct. 5, 2023) (ECF 67).

On November 6, 2023, Plaintiff requested leave to file a motion for reconsideration. (ECF 69). Plaintiff also filed a letter motion for civil contempt (ECF 78) and motion for default judgment against Defendants Bishop, Prince, and Fields (ECF 79) on January 26, 2024, and February 1, 2024, respectively. On March 13, 2024, the Court issued an Order granting Plaintiff's request to file a motion for reconsideration, as well as adopting the briefing schedule proposed by Defendants for cross-motions for summary judgment on the remaining FOIA claims. (ECF 82). In the March 13, 2024 Order, the Court also denied Plaintiff's motion for civil contempt, and his motion for default judgment. *Id.*

On March 27, 2024, Plaintiff filed a motion for reconsideration of the March 13, 2024 Order. (ECF 83). This motion is still pending.

On April 30, 2024, the Court granted the parties' joint request to extend the deadlines for both the reconsideration and summary judgment briefing schedules. (ECF 90). On May 2, 2024, the Court denied Plaintiff's request to delay the summary judgment briefing schedule until after the close of discovery, on the grounds that discovery is not available in FOIA actions before summary judgment briefing absent a showing of bad faith, which Plaintiff had not made. (ECF 94). On May 6, 2024, the Court granted a second extension of the reconsideration and summary judgment briefing deadlines. (ECF 96).

Defendants filed their motion for summary judgment on May 8, 2024. (ECF 97). Plaintiff filed his motion for reconsideration of the October 5, 2023 Opinion & Order on May 9, 2024.

(ECF 101).

On May 13, 2024, Plaintiff filed his letter motion for recusal (ECF 102), and a letter motion requesting the Court request a *pro bono* attorney to represent him in this action (ECF 103).

## II. ANALYSIS

Section 455(a) requires recusal in any proceeding in which a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455. Section 455(b) enumerates several specific circumstances for recusal. Here, Section 455(b)(1)[3] is implicated because Plaintiff asserts that I favor the Defendants and "discredit" Plaintiff to his detriment.

"As a preliminary matter, 'prior adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality.' " *See Grogan v. New York Univ.,* No. 20-CV-3345 (LTS) (OTW), 2023 WL 7413680 (S.D.N.Y. Oct. 12, 2023) (quoting *Edwards v. Willkie*, No. 16-CV-8031 (LTS) (OTW), 2020 WL 1685824, at *5 (S.D.N.Y. Apr. 6, 2020). *See also Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009); *Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990).

Plaintiff asserts that "Your Honor favors the defendants . . . and its counsel, the U.S. Department of Justice (DOJ) to the detriment of the plaintiff." (ECF 102 at 1). Plaintiff asserts the following facts to support recusal (ECF 102 at 2):

1) "Your Honor manufactured that the plaintiff's claims against the defendants are based on *Bivens*" and "substantially dismissed plaintiff's FAC based on *Bivens*";
2) "Your Honor also manufactured that 'Bishop acted pursuant to OFAC regulations'";
3) "Your Honor disregarded a long-pending Motion for Default Judgment against them

---

[3] 28 U.S.C. § 455(b)(1) states that a Judge should disqualify themselves "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

      (ECF 21) and the controlling [FOIA] judicial decisions and regulations";

4) "Your Honor denied the plaintiff's Motion for Discovery" and set a summary judgment briefing schedule, "prevent[ing] the plaintiff from obtaining the evidence necessary for him to support or oppose Summary Judgment Motions and for an appeal"; and

5) "To discredit the plaintiff, Your Honor negligently repeated Bishop's libelous statement that the plaintiff was a 'Sanctions Target'".

None of the facts cited by Plaintiff provide any basis for questioning my impartiality. Plaintiff's assertions amount to disagreements with prior rulings, some of which (such as whether Defendant Bishop acted pursuant to OFAC regulations) are the subject of pending motions for reconsideration. To the extent any of the Court's rulings have been "adverse" to Plaintiff, "adverse decisions do not merit recusal. Otherwise, judges would be subject to recusal any time they ruled on a matter, since it is rare that a court ruling . . . is favorable to all parties." *Grogan*, 2023 WL 7413680, at *3 (citing *Edwards*, 2020 WL 1685824, at *5).

Nor has Plaintiff pointed to any favoritism that the Court has shown to the Federal Defendants or their counsel. " '[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion' unless they 'show reliance upon an extrajudicial source' or 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.' " *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 16-CV-10047 (ALC) (SLC), 2021 WL 6055265 (S.D.N.Y. Nov. 30, 2021) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Plaintiff has not shown that any of the prior rulings in this case rely "upon an extrajudicial source" or that the Court has engaged in "favoritism or antagonism" that render "fair judgment impossible." *See Liteky*, 510 U.S. at 555. Moreover, the Court has granted Plaintiff multiple deadline extensions, as well as leave to file his first motion for reconsideration

which Plaintiff himself acknowledges was untimely. (ECF 69 at 5). "If the Plaintiff is dissatisfied with the Court's rulings, he will have an opportunity to appeal those rulings . . . when there is a final decision in this case, but that dissatisfaction is not a sound basis for recusal." *Hooks v. City of New York*, No. 21-CV-10771 (JGK), 2022 WL 17669523, at *2 (S.D.N.Y. Dec. 14, 2022).

III. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for recusal is **DENIED**. The briefing deadlines remain in effect.

The Clerk is respectfully directed to close ECF 102.

**SO ORDERED.**

Dated: May 24, 2024
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge