UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JOHN BAL,

                                Plaintiff,

                    -against-

U.S. DEPARTMENT OF THE TREASURY, et al.,

                             Defendants.

------------------------------------------------------------x

21-CV-4702 (OTW)

**OPINION AND ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

The Court construes *pro se* Plaintiff's filing at ECF 107 as a motion for reconsideration pursuant to Local Civil Rule 6.3 of the Court's May 24, 2024 Opinion & Order (ECF 104) denying his motion for recusal (ECF 102).[1] For the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**.

"A motion for reconsideration is only appropriate when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *Ravikant v. Alukal*, No. 21-CV-4758 (GHW) (OTW), 2022 WL 2185218, at *1 (S.D.N.Y. May 19, 2022) (quoting *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). For *pro se* litigants, "[t]he Court must also liberally construe submissions of pro se litigants and interpret" them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

---

[1] *See, e.g., Bizelia v. Clinton Towers Mgmt.,* No. 20-CV-8065 (JPC) (OTW), 2024 WL 1156645 (S.D.N.Y. Mar. 18, 2024) (construing motions as motions for reconsideration).

Here, Plaintiff asserts that the Court overlooked 28 U.S.C. § 455(a) in deciding Plaintiff's recusal motion. However, the Court conducted its analysis pursuant to both Sections 455(a) *and* 455(b)(1). *See* ECF 102 at 3-4 (citing 28 U.S.C. § 455(a); *Grogan v. New York Univ.*, No. 20-CV-3345 (LTS) (OTW), 2023 WL 7413680 (S.D.N.Y. Oct. 12, 2023); *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 16-CV-10047 (ALC) (SLC), 2021 WL 6055265 (S.D.N.Y. Nov. 30, 2021)). Nor has Plaintiff shown that the Court overlooked any factual matters put before it on the underlying motion for recusal, but rather seeks to re-litigate the same arguments the Court rejected in its May 24, 2024 Opinion & Order under the appropriate standard of review and based on the same facts in this motion for reconsideration.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**. The Clerk is directed to close ECF 107.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

**SO ORDERED.**

Dated: June 10, 2024
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge