**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
JOHN BAL,                                    :
                                             :
                             Plaintiff,      :              21-CV-4702 (OTW)
                                             :
              -against-                      :              **OPINION AND ORDER**
                                             :
U.S. DEPARTMENT OF THE TREASURY, et al.,     :
                                             :
                             Defendants.     :
                                             :
                                             :
-------------------------------------------------------------x

       **ONA T. WANG**, **United States Magistrate Judge:**

       Plaintiff filed a motion requesting the appointment of *pro bono* counsel. (ECF 103).

Plaintiff's motion is **DENIED**.

       The factors to be considered in ruling on an indigent litigant's request for counsel

include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to

gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*,

877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of

these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at

172. "[C]ourts should not grant" applications for appointment of *pro bono* counsel

"indiscriminately" because "[v]olunteer lawyer time is a precious commodity." *Id.*

       Plaintiff does not explain why, after nearly three years of litigation, he now seeks

appointment of *pro bono* counsel. By way of explanation, Plaintiff writes only, "See attached."

in apparent reference to his motion for recusal, which was denied, *see* ECF 104. (ECF 103 at 1).

Plaintiff also states that the Legal Aid Society, New York Civil Liberties Union, and Brennan

Center for Justice have each declined to represent him. (ECF 103 at 2).

Proceeding to the three factors in *Cooper*, they do not militate in favor of appointing counsel for this case.

As to the first factor, the merits of the case, the only remaining issue in this case is whether OFAC complied with FOIA in redacting confidential commercial information and personally identifiable information from its November 5, 2021 production. The parties are currently briefing this issue on Defendants' motion for summary judgment. All other issues and claims were dismissed in October 2023 (ECF 67) and are being briefed on Plaintiff's motion for reconsideration, which was filed before Plaintiff filed his request for appointment of *pro bono* counsel. This is not a case that is likely to involve protracted discovery, or, indeed, any discovery at all.

As to the second factor, although Plaintiff has evidently made some effort to obtain counsel, these efforts consist entirely of reaching out to three of the most sought-after legal organizations in the country. But Plaintiff has not shown any special reason why he cannot, through further effort, obtain the assistance of other counsel to represent him on a *pro bono* basis, and why he requires the Court's assistance to do so.

Finally, as to the third factor, Plaintiff has shown himself more than able to gather the facts and present the case if unassisted by counsel, as evidenced by his thorough motion practice.

Accordingly, Plaintiff's motion is **DENIED**. The Clerk is directed to close ECF 103.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

**SO ORDERED.**

Dated: June 10, 2024
New York, New York

*s/ Ona T. Wang*

**Ona T. Wang**
United States Magistrate Judge