UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN BAL,

                         Plaintiff,

            -against-

U.S. DEPARTMENT OF THE TREASURY, et al.,

                      Defendants.

-------------------------------------------------------------x

21-CV-4702 (OTW)

**ORDER**

### I. BACKGROUND

The parties are currently briefing cross-motions for summary judgment on a schedule that has been extended multiple times, most recently on October 18. (ECF 137). Since that date, plaintiff John Bal ("Plaintiff") has filed two letters or letter motions seeking a continuance or stay of the summary judgment briefing and decision in light of various motions and requests which Plaintiff asserts are "pending." (*See* ECF 146, 148[1]). Because Plaintiff has repeatedly filed requests to stay the proceeding for substantially the same reasons, has repeatedly asserted that certain motions are "pending" when they are not, and has needlessly clogged the docket with redundant filings, this Order addresses the motions that Plaintiff has specifically articulated as "pending," (*see* listings at, ECF 126, 142, 143, 146, 148), and explains why they are not.

---

[1] Indeed, ECF 148 uses much of the same language as appears in ECF 146, and makes the same arguments and request. ECF 149, my order denying ECF 146, was filed the same day Plaintiff filed ECF 148, but was not immediately docketed.

II.    **"PENDING" OR "UNDECIDED" MOTIONS LISTED IN ECF 148**

<u>ECF 21, Motion for Default</u>. This motion was withdrawn by Plaintiff at ECF 35. Plaintiff again requested default judgment at ECF 79, and that request was denied at ECF 82.

<u>ECF 108, Second Motion for Recusal</u>. This request was also filed at ECF 107 (but styled as a "motion to stay"), was construed as a motion for reconsideration of a prior denial of recusal, [2] and recusal was (again) denied at ECF 110. IFP status was denied for purposes of an appeal of ECF 110. (*Id.*)

<u>ECF 109, Motion to Strike Scandalous Material</u>. This motion was filed in the six days between Plaintiff's duplicate requests for recusal, (ECF 107, 108), and the Court's decision on those requests. (ECF 110). Plaintiff seeks to strike footnote 6 from my original 2023 opinion deciding Defendants' motion to dismiss. (ECF 67 at n. 6). Nothing in footnote 6 identifies or suggests that Plaintiff was a "sanctions target." Thus, even if ECF 109 is considered timely filed 8 months after the decision was issued, it is denied because the material is not scandalous and does not make any finding that Plaintiff was or is a "sanctions target."

<u>ECF 114, Plaintiff's Motion to Amend the First Amended Complaint</u>. On July 11, 2024, Plaintiff filed a letter motion seeking to amend his first amended complaint, which was filed in 2021. (ECF 114). Even under Rule 15's more lenient standard, Plaintiff's motion to amend is untimely. *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) ("[A] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."). Plaintiff's request is

---

[2] Plaintiff's first motion for recusal, filed at ECF 102, was denied at ECF 104. Plaintiff filed his second set of recusal motions days after the first recusal denial was filed.

also futile and not made in good faith because he seeks to add Defendants' counsel as a defendant for arguments made in connection with the motion to dismiss and for counsel's failure to respond to an email, acts for which counsel is entitled to absolute immunity. *See Barrett v. United States*, 798 F.2d 565, 572 (2d. Cir. 1986) (holding government attorneys defending a lawsuit are entitled to absolute immunity because they must be able to perform their functions as advocates "without harassment or intimidation") (quoting *Butz v. Economou*, 438 U.S. 478, 512, (1978).

ECF 115, Motion to Serve Individual Defendants. These defendants were served in 2022, dismissed in 2023, and Plaintiff's motion for default judgment against these defendants was denied earlier this year. (*See* ECF 16, 17, 18, 67, 82). This motion is denied as moot.

ECF 126, Letter. This letter, filed on August 27, 2024, identified ECF 21, 108, 109, 114 and 115 as "undecided" and "pending" requests. It does not contain a request but suggests that Plaintiff may seek an extension of the summary judgment briefing schedule to wait for the Second Circuit to decide his petition for a writ of mandamus. (ECF 126). The Court extended the summary judgment briefing schedule into November, so this request—if it is a request—is denied as moot. (*See* ECF 137). Additionally, to the extent ECF 126 is construed as a request for a stay pending a decision from the Second Circuit on any of Plaintiff's filings there, that request is denied; nothing in the rule governing mandamus requires a lower court to stay all proceedings once a petition is filed. *See* Fed. R. App. P. 21.

ECF 138, Plaintiff's Request to Be Notified of *Ex Parte* Communications. My Individual Practices prohibit *ex parte* communications except with advance permission of the Court, which is usually limited to the context of settlement communications. Parties in all cases are expected

3

to follow my Individual Practices, and any *ex parte* communications other than settlement communications will be referenced on the docket if they are made.

ECF 140, Motion for Reconsideration of ECF 137. ECF 140 seeks reconsideration of the Court's last scheduling order setting the briefing schedule for summary judgment. Plaintiff asserts that ECF 137 was unnecessary because his opposition to Defendants' motion for summary judgment (and his motion for summary judgment) are filed at ECF 131, 132, and 133 (which appear to be substantially the same document), and that his "reply brief" in support of his motion for summary judgment was filed at ECF 136, before Defendants filed their opposition brief. Defendants filed their opposition to Plaintiff's motion(s) for summary judgment at ECF 147 on November 1, 2024, which complied with ECF 137. Nonetheless, 10 days later, Plaintiff filed ECF 148, asserting that it is premature for Plaintiff to file an opposition to the Defendants' motion (even though Plaintiff had asserted in ECF 140 that he had already filed his opposition). (*See* ECF 148). Except as discussed below, ECF 140 is denied as moot.

### III.  THE PARTIES' SUMMARY JUDGMENT MOTIONS

The Court notes, however, that ECF 137 permitted Plaintiff up to November 22, 2024, to file a reply to Defendants' opposition, which was timely filed on November 1, 2024. Plaintiff filed his reply 8 days after he filed his motion for summary judgment, and more than a month <u>before</u> Defendants filed their opposition. Although Plaintiff has not indicated any desire to address or respond to Defendants' opposition brief at ECF 147**, because Plaintiff is *pro se*, he will be given one final opportunity to file a reply to ECF 147 by <u>December 6, 2024</u>. He may also elect not to file any further replies.**

4

IV. **CONCLUSION**

As discussed above, none of the requests or motions identified by Plaintiff in ECF 148 are "pending" or "undecided" or constitute a reason for the Court to stay a decision on the parties' cross-motions for summary judgment. Plaintiff's filings in the Second Circuit are also not a reason to stay consideration of the parties' summary judgment motions, which are either fully briefed or due to be fully briefed. To the extent ECF 148 and any other filings seek a continuance or stay of this case for any reasons that overlap with those addressed here, they are **DENIED**.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close ECF 114 and 140.

**SO ORDERED.**

Dated: November 22, 2024  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge