UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN BAL,                                   :
                                            :
                  Plaintiff,      :    21-CV-4702 (OTW)
                                            :
      -against-                            :
                                            :    **OPINION & ORDER**
U.S. DEPARTMENT OF THE TREASURY, et al.,    :
                                            :
                  Defendants.     :
                                            :
                                            :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Before the Court, on consent, are the parties' cross motions for summary judgment. This case concerns whether Defendants unreasonably redacted certain information in a 3-page report that was located and produced by Defendants in response to *pro se* Plaintiff John Bal's ("Plaintiff" or "Bal") Freedom of Information Act ("FOIA") request. After reviewing the Defendants' motion for summary judgment and the papers filed by Plaintiff (which he stated were filed as both his opposition to Defendants' motion for summary judgment and in support of his own cross motion for summary judgment), I conclude that no genuine issue of fact exists, Defendants' motion for summary judgment is **GRANTED**, and Plaintiff's cross-motion for summary judgment is **DENIED**.

I.    BACKGROUND[1]

In 2018, Plaintiff sought to rent an apartment in Cuba from non-party Danays Drake and attempted to send $400 to Drake via PayPal. (First Amended Complaint, ECF 12 ¶¶ 1, 3) (hereafter

---

[1] Because neither party filed a Rule 56.1 Statement of Undisputed Facts, citations are to Defendants' Declaration of Marshall H. Fields, Jr. filed in support of Defendants' motion to dismiss, which is incorporated by reference in Defendants' Declaration of Sean W. Haynes filed in support of Defendants' motion for summary judgment, and the First Amended Complaint. (*See* ECF 56, 99). As detailed below, Rule 56.1 Statements are not required in FOIA actions in this district. *See Haitian Bridge Alliance v. U.S. Dep't Homeland Sec.*, 22-CV-8344 (ER), 2024 WL 476304, at *5 n. 13 (S.D.N.Y. Feb. 7, 2024); *N.Y. Times Co. v.*

"First Am. Compl."). PayPal held Bal's payment for over 26 months before returning it. (*Id.* ¶¶ 7-8). During this time, Bal was informed that PayPal had "misrepresented" to the U.S. Department of Treasury ("USDOT"), the Office of Foreign Assets Control ("OFAC") that his contract with Drake violated OFAC regulations. (*Id.* ¶ 11). In 2020, Bal filed a FOIA request for documentation concerning the blocked payment. (ECF 56 ¶ 9). By the time Bal filed his First Amended Complaint on September 30, 2021, Bal's funds had been released by PayPal (minus a $6 fee, which was later reimbursed), (First Am. Compl. ¶ 23).

## II. PROCEDURAL HISTORY

The parties consented to my jurisdiction on February 15, 2023. (ECF 60) On October 5, 2023, I dismissed all the claims in Plaintiff's First Amended Complaint except for a portion of Claim IV, Plaintiff's FOIA claim where he alleges that OFAC unreasonably redacted the 3-page document that it produced in response to Plaintiff's FOIA request. (ECF 67).[2]

On December 6, 2023, the Defendants indicated that they intended to move for summary judgment to resolve Plaintiff's challenge to the redaction. (ECF 75). On March 10, 2024, Defendants proposed a briefing schedule for cross-motions for summary judgment, (ECF 81), which I adopted on March 13, 2024.[3] (ECF 82). After several extensions of the briefing schedule, the parties' cross-motions were filed as follows: Defendants filed their cross-motion for summary judgment and accompanying

---

*Fed. Bureau Invest.*, 21-CV-10888 (NRB), 2023 WL 5955843, at *1 n. 1 (S.D.N.Y. Sept. 13, 2023). Further, Plaintiff has not contested the facts as proffered by Defendants' declarations in any of his filings. (*See* ECF Nos. 131, 132, 133, 136, 152).

[2] Plaintiff has filed two motions for reconsideration related to the Opinion and Order at ECF 67 and a scheduling order setting briefing schedules for Plaintiff's motion for reconsideration of ECF 67 and the parties' proposed cross-motions for summary judgment and ruling on two of Plaintiff's letter motions. (ECF 82). The motions for reconsideration are located at ECF 83 and ECF 101.

[3] On December 6, 2023, I directed both parties to submit joint proposed briefing schedule for cross-motions for summary judgment. (ECF 76). Plaintiff's subsequent letters did not propose a briefing schedule. (ECF 78, 81).

memorandum of law and declaration on May 8, 2024, (ECF 97, 98, 99), as well as a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment" (ECF 100); Plaintiff filed his cross-motion(s) for summary judgment and accompanying memorandum of law on September 22, 2024, (ECF 131, 132, 133). Days later, Plaintiff filed a "reply" memorandum of law in support of his cross motion for summary judgment on September 30, 2024, (ECF 136), even though Defendants had not yet filed their opposition. Plaintiff subsequently confirmed on October 29, 2024, that his original cross-motion for summary judgment was intended to serve as his opposition to Defendants' cross-motion. (ECF 140). Defendants filed their memorandum of law in opposition to Plaintiff's cross-motion on November 1, 2024. (ECF 147). Plaintiff then, however, filed a letter on November 8, 2024, claiming it was "premature for the plaintiff to file an opposition to the defendants' motion," seemingly requesting a stay or an extension of the briefing schedule. (ECF 148). This request was denied on November 8, 2024. (ECF 149). On November 22, 2024, Plaintiff was given one final extension, to December 6, 2024, to address arguments in Defendants' opposition brief. (ECF 150). Also on November 22, 2024, Defendants filed their reply in support of their cross motion for summary judgment, and Plaintiff filed another reply in support of his cross motion.[4] (ECF 151, 152). On December 6, 2024, Plaintiff filed a "Motion for Reconsideration" (ECF 153) that seeks reconsideration of my prior order at ECF 150, and does not respond to arguments made in Defendants' Motion for Summary Judgment.

    Plaintiff's FOIA request, which sought documents that (1) were transmitted to OFAC from PayPal or any other entity and were related to the blocking of Plaintiff's funds and (2) contain OFAC investigatory results or findings that resulted in the blocking of Plaintiff's funds, is filed at ECF 56-1.

---

[4] As noted above, Plaintiff previously filed a reply in support of his cross motion on September 30, 2024, before Defendants had filed their opposition. (ECF 136).

Defendants' *Vaughn* index[5] identifies the document(s) and reason(s) for their redaction, and is located at ECF 99-1.

### III. DISCUSSION

#### A. Legal Standard

Under FOIA, "each [federal] agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ..., shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Given the rarity of factual disputes in FOIA cases, summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure is the most common procedural vehicle by which FOIA cases are resolved. *See Det. Watch Network v. U.S. Immigr. & Customs Enf't*, 215 F. Supp. 3d 256, 261 (S.D.N.Y. 2016) (citing *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994)); *Reclaim the Records v. U.S. Dep't State*, 23-CV-1529 (VEC), 2024 WL 3938296, at *3 (S.D.N.Y. Aug. 26, 2024).

The pending cross-motions are brought pursuant to Rule 56(a). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must demonstrate the absence of a material issue of fact and the Court must find that "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that

---

[5] "In *Vaughn v. Rosen*, the District of Columbia Circuit ... conceived of the document now known as the *Vaughn* affidavit as a means of overcoming the institutional difficulties inherent in FOIA litigation." *Halpern v. F.B.I.*, 181 F.3d 279, 290 (2d Cir. 1999) (citing *Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973)). The Second Circuit has adopted a "functional approach" to the *Vaughn* affidavit/index. *Id.* at 291; *see also N.Y. Times Co. v. Dep't of Just.*, 758 F.3d 436, 438–39 (2d Cir. 2014) ("Once a FOIA request has been made for documents, the preparation of a *Vaughn* index is now an accepted method for the [g]overnment to identify responsive documents and discharge its obligation to assert any claimed FOIA exemptions to the various documents withheld." (footnote omitted) (citing cases)), supplemented, 762 F.3d 233 (2d Cir. 2014).

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Marvel Entm't, Inc. v. Kellytoy (USA), Inc.*, 769 F. Supp. 2d 520, 523 (S.D.N.Y. 2011).

"In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing [1] that its search was adequate and [2] that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994) (citing 5 U.S.C. § 552(a)(4)(B)). Affidavits or declarations providing "reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden" and are "accorded a presumption of good faith." *Carney*, 19 F.3d 807 at 812; *Project South v. U.S. Immig. & Customs Enf't*, 21-CV-8440 (ALC) (BCM), 2024 WL 1116164, at *4 (S.D.N.Y. Mar. 12, 2024). Agency affidavits alone may support a grant of summary judgment, as Local Civil Rule 56.1 statements are not required in FOIA actions in this district. *See Haitian Bridge Alliance v. U.S. Dep't Homeland Sec.*, 22-CV-8344 (ER), 2024 WL 476304, at *5 n. 13 (S.D.N.Y. Feb. 7, 2024); *N.Y. Times Co. v. Fed. Bureau Invest.*, 21-CV-10888 (NRB), 2023 WL 5955843, at *1 n. 1 (S.D.N.Y. Sept. 13, 2023). "When an agency submits a declaration or affidavit in support of its conclusion that it does not possess responsive records, it is entitled to a presumption of good faith." *Reclaim the Records*, 2024 WL 3938296 at *3 (internal quotations omitted); *Seife v. Food & Drug Admin.*, 492 F. Supp. 3d 269, 274 (S.D.N.Y. 2020). Summary judgment is not appropriate, however, where "the agency's response raises serious doubts as to the completeness of the agency's search, where the agency's response is patently incomplete, or where the agency's response is for some other reason unsatisfactory." *NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't Just.*, 463 F. Supp. 3d 474, 483 (S.D.N.Y. 2020).

"In sum, courts may award summary judgment on the basis of agency affidavits that (1) describe the justifications for nondisclosure with reasonably specific detail, (2) demonstrate that the information withheld logically falls within the claimed exemption, and (3) are not controverted by

either contrary evidence in the record nor by evidence of agency bad faith." *Project South*, 2024 WL 1116164 at *4 (internal quotations omitted). "Conversely, summary judgment in favor of the FOIA plaintiff is appropriate when an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption." *Id.* (internal quotations omitted).

The Second Circuit has held that "special solitude should be afforded *pro se* litigants generally, when confronted with motions for summary judgment." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d. Cir. 1988).

### B. Defendants' Response to Plaintiff's FOIA Request

To defend their search efforts, Defendants must only show that their search was adequate. *Long v. Office of Personal Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012). "Adequacy requires the Government to demonstrate that its search was reasonably calculated to discover the requested documents." *Estate of Ghais Abduljaami v. U.S. Dep't of State*, 14-CV-7902 (RLE), 2016 WL 94140, at *3 (S.D.N.Y. Jan. 7, 2016) (internal quotations omitted). OFAC produced a single, 3-page document in response to Plaintiff's FOIA request on November 5, 2021. (ECF 99 ¶ 10). As described in the *Vaughn* index, the document produced was a blocking report submitted by PayPal to OFAC dated August 24, 2018, identifying the blocked transaction from Plaintiff. (ECF 99 ¶ 12; ECF 99-1). The *Vaughn* index explains why certain information was redacted from the blocking report pursuant to FOIA Exemptions (b)(4) and (b)(6). (*See* ECF 99-1). Defendants also provided Plaintiff with a Final Response letter, which explains the nature of Defendants' search. (ECF 56-9). This is sufficient to show that Defendants undertook an adequate search for documents responsive to Plaintiff's request, and Plaintiff does not dispute the diligence of Defendants' search. *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994).

Although Plaintiff does not challenge the redactions in his response to Defendants' motion for summary judgment,[6] the Court will review the evidence submitted and decide Defendants' motion on the merits. *Id.* at 812 ("In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA.").

C. Applicability of Exemption 4

An agency's affidavit in support of summary judgment that sufficiently demonstrates how redacted information falls within the claimed exemption(s), absent a showing of "bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations or … evidence that an exemption claimed by the agency should not apply," is sufficient to carry the government's burden. *Jabar v. U.S. Dep't of Justice*, 62 F.4th 44, 52 (2d Cir. 2023); *Knight First Amend. Inst. At Columbia Univ. v. U.S. Citizenship & Immigr. Servs.*, 30 F.4th 318, 327 (2d Cir. 2022).

Exemption 4 protects from disclosure "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." 5 U.S.C. § 552(b)(4); (ECF 99 ¶ 11). "Exemption [4] applies if a tripartite test is satisfied: (1) The information for which exemption is sought

---

[6] By filing a cross-motion for summary judgment in which Plaintiff advances only arguments for reinstatement of his previously dismissed claims (*see* ECF 132), Plaintiff has failed to respond to Defendant's arguments concerning the redactions to the blocking report which, if he were counseled, could constitute an abandonment of the claim. *See, e.g.*, *Cui v. Fed. Bureau of Invest.*, 551 F. Supp. 3d 4, 16 (E.D.N.Y. 2021) (citing *Banyan v. Sikorski*, 17-CV-4942, 2021 WL 2156226, at *2 (S.D.N.Y. May 27, 2021). Plaintiff explicitly identified these filings as his "opposition" to Defendants'' motion for summary judgment, notwithstanding being given multiple extensions and cautions to respond to the arguments in Defendants' motion for summary judgment. (ECF 100, 113, 118, 125, 137, 140, 150). *See Dynamic Concepts, Inc. v. Tri-State Surgical Supply & Equip. Ltd.*, 716 F. App'x 5, 14 (2d Cir. 2017) (holding that a partial opposition to a motion for summary judgment that only references "some claims or defenses but not others" allowed an inference that the "claims or defenses that are not defended have been abandoned"). *See also Ziming Shen v. City of New York*, 725 F. App'x 7, 17 (2d Cir. 2018) (affirming the district court's finding that the plaintiff abandoned claims that she did not address in her opposition to summary judgment).

7

must be a trade secret or commercial or financial in character; (2) it must be obtained from a person; and (3) it must be privileged or confidential." *Nadler v. FDIC*, 92 F.3d 93, 95 (2d Cir. 1996).

Defendant has identified the information redacted under Exemption 4 as specific details regarding the filer of the blocking report, transaction ID information, the funding source for the transaction, and the words associated with the transaction that caused it to be flagged by PayPal. (ECF 99-1). PayPal and OFAC keep this information confidential in order to prevent others from future sanctions evasion. (*Id.*) Accordingly, the three-part test for Exemption 4 is satisfied.

D. <u>Applicability of Exemption 6</u>

Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," and seeks to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information. 5 U.S.C § 552(b)(6); *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 599 (1982). The Second Circuit employs a two-step inquiry to determine whether information is properly withheld under Exemption 6: (1) is the information "similar to a medical or personnel file," and (2) would disclosure "compromise a substantial, as opposed to a *de minimis*, privacy interest." *Am. Civil Liberties Union v. Dep't of Justice*, 563 F. Supp. 3d 183, 192 (S.D.N.Y. 2021). Information is considered similar to a medical or personnel file where "it contains personal information identifiable to a particular person." *Id.* (citing *Cook v. Nat'l Archives & Records Admin.*, 758 F.3d 168, 175 (2d Cir. 2014)). Personal information (e.g., names, addresses) has been found to implicate a "private interest cognizable under the FOIA exemptions." *Id.* (citing *Associated Press v. U.S. Dep't of Justice*, 549 F.3d 62, 65 (2d Cir. 2008)). If a privacy interest exists, courts must weigh the privacy interest against the public interest, but only to the extent that the public interest is relevant to "the extent to which disclosure would serve the core

purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." *Id.* (citing *Associated Press*, 549 F.3d at 66).

The only information purported to be redacted is personally identifiable information ("PII") of PayPal's employee(s) who were involved in submitting the blocking report, including names and a telephone number. (ECF 99 ¶¶ 19-22; ECF 99-1). Such information is regularly kept confidential, and disclosing these employees' PII could expose them to unnecessary harassment and/or harm. This is precisely the type of information that falls within the ambit of Exemption 6 under the first prong of the inquiry.

Second, there is no relevant public interest that outweighs the privacy interest at stake. Plaintiff has failed to demonstrate or argue at all how the PII of PayPal's employee(s) will contribute to the public understanding of the operations or activities of the government. This information explicitly pertains to *private* employees. Furthermore, there are serious privacy risks for the PayPal employee(s). Plaintiff has repeatedly sought my recusal after an unfavorable decision on Defendants' motion to dismiss, and sought mandamus after that recusal was denied. (*See* ECF 102, 106, 123, 129, 141). He has also sought civil contempt against Defendants and sought to add their counsel as a defendant for arguments made in the motion to dismiss and for failing to respond to an email. (*See* ECF 78, 114). Identification of the PayPal employee(s) who submitted the blocking report to OFAC in the first place would serve no purpose in adjudicating this FOIA claim and would constitute a clearly unwarranted invasion of personal privacy, and potentially subject the PayPal employee(s) to unnecessary litigation. Further, by failing to contest that the redacted information contains personnel and/or medical files, Plaintiff has "waived any argument with respect to whether these records are of the type that are subject to Exemption 6." *Austin Sanctuary Network v. U.S. Immigr. & Customs Enfc't*, 20-CV-1686 (LJL), 2022 WL 4356732, at *29. (S.D.N.Y. Sept. 19, 2022).

9

E. <u>Plaintiff Has Not Shown Bad Faith</u>

Plaintiff identified his motion for summary judgment, found at ECF 131, 132, and 133, to also constitute his opposition to Defendants' motion for summary judgment. (ECF 140 at 2). Plaintiff's argument on Count IV states, in its entirety: "It is undisputed that defendants OFAC and Marshall Fields repeatedly violated [FOIA] . . . regarding Bal's May 15, 2020, FOIA request. (FAC ECF 12 at pg. 11-12)." (ECF 132 at 3). Plaintiff's "reply," filed before Defendants' opposition,[7] adds only that PayPal's failure to file anything on the docket after its dismissal means that "PayPal has not objected to the plaintiff's receiving the documents it submitted to OFAC." (ECF 136 at 2). Plaintiff has provided no evidence to suggest that Defendants' redactions were improper or made with bad faith sufficient to "impugn the agency's affidavits or otherwise warrant denial of summary judgment." *See Smith v. U.S. Marshals Serv.*, 19-CV-3572, 2021 WL 1177692, at *5 (S.D.N.Y. Mar. 29, 2021).

F. <u>Plaintiff's Motions for Reconsideration and For Summary Judgment Are Denied</u>

Plaintiff sought an extension of time and/or leave to file his motion for reconsideration, and apparently misconstrues the Court's Order at ECF 82 setting the briefing schedule as an order "granting reconsideration" of ECF 67, the opinion and order dismissing the majority of Plaintiff's claims. (ECF 101). At the same time, Plaintiff did timely file his motion for reconsideration (of ECF 67) at ECF 101. The reconsideration motion rehashes arguments about: (1) the default of the individual Defendants, (2) Defendants' counsel failing to respond to Plaintiff's email, providing legal advice to Plaintiff, or telling Plaintiff he needed to seek legal advice; (3) causing the Court to (mis)construe his

---

[7] Plaintiff was given another extension, to December 6, 2024, to file any reply to Defendants' opposition. He has not done so. Instead, on December 6, 2024 Plaintiff filed a motion for reconsideration of my November 22, 2024, order that addressed the multiple motions Plaintiff has asserted (and still does) are pending. (ECF 153). As explained in ECF 150, the motions Plaintiff refers to in ECF 153 as pending and undecided have been decided, are closed, and do not prevent the Court from deciding the parties' cross motions for summary judgment. Plaintiff's motion does not contain any argument in reply to Defendant's opposition.

claims as *Bivens* claims, rather than the FTCA claims he asserted they were; and (4) repeatedly seeking findings of civil contempt and default. (ECF 101). Plaintiff has not identified any facts—or any controlling law—that would compel a different result. Indeed, the Court has addressed several of these issues when ruling on Plaintiff's multiple other motions. (*See, e.g.* ECF 82, 150) (referring to non-exhaustive list of other motions and prior rulings). Accordingly, Plaintiff's motion for summary judgment and motion for reconsideration are **DENIED**.

### IV.   CONCLUSION

For the foregoing reasons, the Defendants' cross-motion for summary judgment is **GRANTED** and Plaintiff's cross-motion for summary judgment is **DENIED**.

The Clerk of Court is respectfully directed to enter judgment for Defendants, close the case, and close all open motions in the case.

**SO ORDERED.**

Dated: December 9, 2024
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge